UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| NATASHA TOLBERT, ET AL. | * | CIVIL ACTION |
| | * | |
| Plaintiffs | * | NO. 18-8359 |
| | * | c/w 18-10053 |
| VERSUS | * | |
| | * | SECTION "H"(4) |
| | * | **(Applies to: No. 18-8359)** |
| MARLIN N. GUSMAN, | * | |
| ET, AL. | * | |
| Defendants | * | |

\* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \*

## <u>ANSWER, AFFIRMATIVE DEFENSES,</u><br><u>AND DEMAND FOR JURY TRIAL</u>

**NOW INTO COURT**, through undersigned counsel, come David Oates, Pammalier Walker, and Delores Thompson ("Defendants"), and for their Answer, Affirmative Defenses, and Demand for Jury Trial sets forth the following in response to Plaintiffs' Complaint and First Amended Complaint:

## <u>ORIGINAL COMPLAINT</u>

1.     The allegations of paragraph 1 of the Complaint are denied.

## I.     JURISDICTION

2.     Defendants do not contest jurisdiction in the Eastern District of Louisiana.

## II.     PARTIES

3.     The allegations of paragraph 3 of the Complaint are denied for lack of sufficient information to justify a belief therein.  Defendants demand strict proof of Plaintiffs' capacity to proceed on behalf of the alleged children.

4.      The allegations of paragraph 4 of the Complaint are denied for lack of sufficient information to justify a belief therein.  Defendants demand strict proof of Plaintiffs' capacity to proceed on behalf of the alleged children.

5.      The allegations of paragraph 5 of the Complaint are not directed toward these Defendants and, therefore, no response is required.  To the extent a response is required, the allegations are denied.

6.      The allegations of paragraph 6 of the Complaint are not directed toward these Defendants and, therefore, no response is required.  To the extent a response is required, the allegations are denied.

7.      The allegations of paragraph 7 of the Complaint are not directed toward these Defendants and, therefore, no response is required.  To the extent a response is required, the allegations are denied.

8.      The allegations of paragraph 8 of the Complaint are admitted only as to the status of these Defendants. All remaining allegations of paragraph 8 are denied.

9.      The allegations of paragraph 9 of the Complaint are admitted only as to the status of these Defendants. All remaining allegations of paragraph 9 are denied.

10.      The allegations of paragraph 10 of the Complaint are not directed toward these Defendants and, therefore, no response is required.  To the extent a response is required, the allegations are denied.

11.      The allegations of paragraph 11 of the Complaint are admitted only as to the status of these Defendants. All remaining allegations of paragraph 11 are denied.

12.     The allegations of paragraph 12 of the Complaint are not directed toward these Defendants and, therefore, no response is required. To the extent a response is required, the allegations are denied.

13.     The allegations of paragraph 13 of the Complaint are not directed toward these Defendants and, therefore, no response is required. To the extent a response is required, the allegations are denied.

14.     The allegations of paragraph 14 of the Complaint are not directed toward these Defendants and, therefore, no response is required. To the extent a response is required, the allegations are denied.

15.     The allegations of paragraph 15 of the Complaint are not directed toward these Defendants and, therefore, no response is required. To the extent a response is required, the allegations are denied.

16.     The allegations of paragraph 16 of the Complaint are not directed toward these Defendants and, therefore, no response is required.  To the extent a response is required, the allegations are denied.

17.     The allegations of paragraph 17 of the Complaint are not directed toward these Defendants and, therefore, no response is required. To the extent a response is required, the allegations are denied.

### III.     FACTUAL ALLEGATIONS

18.     The allegations of paragraph 18 of the Complaint are denied for lack of sufficient information to justify a belief therein.

19.     The allegations of paragraph 19 of the Complaint are denied.

20.     The allegations of paragraph 20 of the Complaint are denied.

21.    The allegations of paragraph 21 of the Complaint are denied.

22.    The allegations of paragraph 22 of the Complaint are denied.

23.    The allegations of paragraph 23 of the Complaint are denied.

24.    The allegations of paragraph 24 of the Complaint are denied.

25.    Defendants admit Mr. Mealey received medication in response to paragraph 25 of the Complaint.

26.    The allegations of paragraph 26 of the Complaint are denied.

27.    The allegations of paragraph 27 of the Complaint are denied except to admit that the CCS employees provided care to the inmate.

28.    The allegations of paragraph 28 of the Complaint are denied.

29.    The allegations of paragraph 29 of the Complaint are denied.

30.    The allegations of paragraph 30 of the Complaint are denied.

31.    The allegations of paragraph 31 of the Complaint are denied.

32.    The allegations of paragraph 32 of the Complaint are denied for lack of sufficient information to justify a belief therein.

33.    Defendants admit Mealey passed away. The remaining allegations of paragraph 33 of the Complaint are denied for lack of sufficient information to justify a belief therein.

34.    The allegations of paragraph 34 of the Complaint are denied.

35.    The allegations of paragraph 35 of the Complaint are denied.

36.    The allegations of paragraph 36 of the Complaint are denied.

37.    The allegations of paragraph 37 of the Complaint are denied.

38.    The allegations of paragraph 38 of the Complaint are denied.

39.    The allegations of paragraph 39 of the Complaint are denied.

40.     The allegations of paragraph 40 of the Complaint are denied.

41.     The allegations of paragraph 41 of the Complaint are denied.

42.     The allegations of paragraph 42 of the Complaint are denied.

43.     The allegations of paragraph 43 of the Complaint are not directed toward these Defendants and, therefore, no response is required.  To the extent a response is required, the allegations of paragraph 43 of the Complaint are denied.

44.     The allegations of paragraph 44 of the Complaint are not directed toward these Defendants and, therefore, no response is required.  To the extent a response is required, the allegations of paragraph 44 of the Complaint are denied.

45.     The allegations of paragraph 45 of the Complaint are not directed toward these Defendants and, therefore, no response is required.  To the extent a response is required, the allegations of paragraph 45 of the Complaint are denied.

46.     The allegations of paragraph 46 of the Complaint are not directed toward these Defendants and, therefore, no response is required.   To the extent a response is required, the allegations of paragraph 46 of the Complaint are denied.

47.     The allegations of paragraph 47 of the Complaint are not directed toward these Defendants and, therefore, no response is required.  To the extent a response is required, the allegations of paragraph 47 of the Complaint are denied.

48.     The allegations of paragraph 48 of the Complaint are not directed toward these Defendants and, therefore, no response is required.  To the extent a response is required, the allegations of paragraph 48 of the Complaint are denied.

49.     The allegations of paragraph 49 of the Complaint are denied.

50.     The allegations of paragraph 50 of the Complaint are denied.

51.     The allegations of paragraph 51 of the Complaint are denied.

52.     The allegations of paragraph 52 of the Complaint are not directed toward these Defendants and, therefore, no response is required.   To the extent a response is required, the allegations of paragraph 52 of the Complaint are denied.

53.     The allegations of paragraph 53 of the Complaint are denied.

54.     The allegations of paragraph 54 of the Complaint are denied.

55.     The allegations of paragraph 55 of the Complaint are not directed toward these Defendants and, therefore, no response is required.   To the extent a response is required, the allegations of paragraph 55 of the Complaint are denied.

56.     The allegations of paragraph 56 of the Complaint are denied.

57.     The allegations of paragraph 57 of the Complaint are denied.

58.     The allegations of paragraph 58 of the Complaint are denied.

59.     The allegations of paragraph 59 of the Complaint are denied.

60.     The allegations of paragraph 60 of the Complaint are denied.

61.      The allegations of paragraph 61 of the Complaint are denied for lack of sufficient information to justify a belief therein.  Defendants demand strict proof of Plaintiffs' capacity to proceed and the inmate's alleged relation to the child.

62.     The allegations of paragraph 62 of the Complaint are denied for lack of sufficient information to justify a belief therein.  Defendants demand strict proof of Plaintiffs' capacity to proceed and the inmate's alleged relation to the child.

63.     The allegations of paragraph 63 of the Complaint are not directed toward these Defendants and, therefore, no response is required.  To the extent a response is required, the allegations of paragraph 63 of the Complaint are denied.

64.     The allegations of paragraph 64 of the Complaint are not directed toward these Defendants and, therefore, no response is required.  To the extent a response is required, the allegations of paragraph 64 of the Complaint are denied. Defendants demand strict proof of Plaintiffs' capacity to proceed on behalf of the child.

## IV.     FIRST CAUSE OF ACTION

65.     The allegations of paragraph 65 of the Complaint do not appear to require a response.  To the extent a response is required, the allegations of paragraph 65 of the Complaint are denied.

66.     The allegations of paragraph 66 of the Complaint are denied.

67.     The allegations of paragraph 67 of the Complaint are denied.

68.     The allegations of paragraph 68 of the Complaint are denied.

69.     The allegations of paragraph 69 of the Complaint are denied.

70.     The allegations of paragraph 70 of the Complaint are denied.

71.     The allegations of paragraph 71 of the Complaint are denied.

## V.     SECOND CAUSE OF ACTION

72.     The allegations of paragraph 72 of the Complaint do not appear to require a response.   To the extent a response is required, the allegations of paragraph 72 of the Complaint are denied.

73.     The allegations of paragraph 73 of the Complaint are denied.

74.     The allegations of paragraph 74 of the Complaint are denied.

75.     The allegations of paragraph 75 of the Complaint are denied.

76.     The allegations of paragraph 76 of the Complaint are denied.

## VI.    THIRD CAUSE OF ACTION

77.    The allegations of paragraph 77 of the Complaint do not appear to require a response.   To the extent a response is required, the allegations of paragraph 77 of the Complaint are denied.

78.    The state law claims asserted against these Defendants are governed by Louisiana Revised Statute 40:1231, *et seq.* (the "Louisiana Medical Malpractice Act") and have been dismissed without prejudice by this Court until a final disposition of a medical review panel. *See* Doc No. 44.

79.    The allegations of paragraph 79 of the Complaint are denied. Further answering, the state law claims asserted against these Defendants are governed by Louisiana Revised Statute 40:1231, *et seq.* (the "Louisiana Medical Malpractice Act") and have been dismissed without prejudice by this Court until a final disposition of a medical review panel. *See* Doc No. 44.

80.    The allegations of paragraph 80 of the Complaint are denied. Further answering, the state law claims asserted against these Defendants are governed by Louisiana Revised Statute 40:1231, *et seq.* (the "Louisiana Medical Malpractice Act") and have been dismissed without prejudice by this Court until a final disposition of a medical review panel. *See* Doc No. 44.

81.    The allegations of paragraph 81 of the Complaint are denied. Further answering, the state law claims asserted against these Defendants are governed by Louisiana Revised Statute 40:1231, *et seq.* (the "Louisiana Medical Malpractice Act") and have been dismissed without prejudice by this Court until a final disposition of a medical review panel. *See* Doc No. 44.

82.    The allegations of paragraph 82 of the Complaint are denied. Further answering, the state law claims asserted against these Defendants are governed by Louisiana Revised Statute

40:1231, *et seq.* (the "Louisiana Medical Malpractice Act") and have been dismissed without prejudice by this Court until a final disposition of a medical review panel. *See* Doc No. 44.

83.     The allegations of paragraph 83 of the Complaint are denied. Further answering, the state law claims asserted against these Defendants are governed by Louisiana Revised Statute 40:1231, *et seq.* (the "Louisiana Medical Malpractice Act") and have been dismissed without prejudice by this Court until a final disposition of a medical review panel. *See* Doc No. 44.

84.     The allegations of paragraph 84 of the Complaint are denied. Further answering, the state law claims asserted against these Defendants are governed by Louisiana Revised Statute 40:1231, *et seq.* (the "Louisiana Medical Malpractice Act") and have been dismissed without prejudice by this Court until a final disposition of a medical review panel. *See* Doc No. 44.

## VII.    DAMAGES

85.     The allegations of paragraph 85 of the Complaint are denied.

## VIII.  PRAYER FOR RELIEF

The allegations of Plaintiffs' prayer for relief are denied.

## **FIRST AMENDED COMPLAINT**

86.     The allegations of paragraph 1 of the First Amended Complaint are denied.

## I.      JURISDICTION

87.     Defendants do not contest jurisdiction in the Eastern District of Louisiana.

## II.      PARTIES

88.     The allegations of paragraph 3 of the First Amended Complaint are denied for lack of sufficient information to justify a belief therein.  Defendants demand strict proof of Plaintiffs' capacity to proceed on behalf of the alleged children.

89.     The allegations of paragraph 4 of the First Amended Complaint are denied for lack of sufficient information to justify a belief therein.  Defendants demand strict proof of Plaintiffs' capacity to proceed on behalf of the alleged children.

90.     The allegations of paragraph 5 of the First Amended Complaint are not directed toward these Defendants and, therefore, no response is required.  To the extent a response is required, the allegations are denied.

91.     The allegations of paragraph 6 of the First Amended Complaint are not directed toward these Defendants and, therefore, no response is required.  To the extent a response is required, the allegations are denied.

92.     The allegations of paragraph 7 of the First Amended Complaint are not directed toward these Defendants and, therefore, no response is required. To the extent a response is required, the allegations are denied.

93.     The allegations of paragraph 8 of the First Amended Complaint are admitted only as to the status of these Defendants. All remaining allegations of paragraph 8 are denied.

94.     The allegations of paragraph 9 of the First Amended Complaint are admitted only as to the status of these Defendants. All remaining allegations of paragraph 9 are denied.

95.     The allegations of paragraph 10 of the First Amended Complaint are not directed toward these Defendants and, therefore, no response is required.  To the extent a response is required, the allegations are denied.

96.     The allegations of paragraph 11 of the First Amended Complaint are admitted only as to the status of these Defendants. All remaining allegations of paragraph 11 are denied.

97.     The allegations of paragraph 12 of the First Amended Complaint are denied for lack of information sufficient to justify a belief therein.

98.     The allegations of paragraph 13 of the First Amended Complaint are not directed toward these Defendants and, therefore, no response is required. To the extent a response is required, the allegations are denied.

99.     The allegations of paragraph 14 of the First Amended Complaint are not directed toward these Defendants and, therefore, no response is required. To the extent a response is required, the allegations are denied.

100.    The allegations of paragraph 15 of the First Amended Complaint are not directed toward these Defendants and, therefore, no response is required. To the extent a response is required, the allegations are denied.

101.    The allegations of paragraph 16 of the First Amended Complaint are not directed toward these Defendants and, therefore, no response is required.  To the extent a response is required, the allegations are denied.

102.    The allegations of paragraph 17 of the First Amended Complaint are not directed toward these Defendants and, therefore, no response is required.  To the extent a response is required, the allegations are denied.

103.    The allegations of paragraph 18 of the First Amended Complaint are not directed toward these Defendants and, therefore, no response is required. To the extent a response is required, the allegations are denied.

### III.     FACTUAL ALLEGATIONS

104.    The allegations of paragraph 19 of the First Amended Complaint are denied for lack of sufficient information to justify a belief therein.

105.    The allegations of paragraph 20 of the First Amended Complaint are denied.

106.    The allegations of paragraph 21 of the First Amended Complaint are denied.

107.    The allegations of paragraph 22 of the First Amended Complaint are denied.

108.    The allegations of paragraph 23 of the First Amended Complaint are denied.

109.    The allegations of paragraph 24 of the First Amended Complaint are denied.

110.    The allegations of paragraph 25 of the First Amended Complaint are denied.

111.    The allegations of paragraph 26 of the First Amended Complaint are denied.

112.    The allegations of paragraph 27 of the First Amended Complaint are denied.

113.    Defendants admit Mr. Mealey received medication in response to paragraph 28 of the Complaint.

114.    The allegations of paragraph 29 of the First Amended Complaint are denied.

115.    The allegations of paragraph 30 of the First Amended Complaint are denied, except to admit that the CCS employees provided care to the inmate.

116.    The allegations of paragraph 31 of the First Amended Complaint are denied.

117.    The allegations of paragraph 32 of the First Amended Complaint are denied.

118.    The allegations of paragraph 33 of the First Amended Complaint are denied for lack of sufficient information to justify a belief therein.

119.    The allegations of paragraph 34 of the First Amended Complaint are denied.

120.    The allegations of paragraph 35 of the First Amended Complaint are denied.

121.    Defendants admit Mealey passed away. The remaining allegations of paragraph 36 of the First Amended Complaint are denied for lack of sufficient information to justify a belief therein.

122.    The allegations of paragraph 37 of the First Amended Complaint are denied.

123.    The allegations of paragraph 38 of the First Amended Complaint are denied.

124.    The allegations of paragraph 39 of the First Amended Complaint are denied.

125.    The allegations of paragraph 40 of the First Amended Complaint are denied.

126.    The allegations of paragraph 41 of the First Amended Complaint are denied.

127.    The allegations of paragraph 42 of the First Amended Complaint are denied.

128.    The allegations of paragraph 43 of the First Amended Complaint are denied.

129.    The allegations of paragraph 44 of the First Amended Complaint are denied.

130.    The allegations of paragraph 45 of the First Amended Complaint are denied.

131.    The allegations of paragraph 46 of the First Amended Complaint are not directed toward these Defendants and, therefore, no response is required.   To the extent a response is required, the allegations of paragraph 46 of the First Amended Complaint are denied.

132.    The allegations of paragraph 47 of the First Amended Complaint are not directed toward these Defendants and, therefore, no response is required.  To the extent a response is required, the allegations of paragraph 47 of the First Amended Complaint are denied.

133.    The allegations of paragraph 48 of the First Amended Complaint are not directed toward these Defendants and, therefore, no response is required.  To the extent a response is required, the allegations of paragraph 48 of the First Amended Complaint are denied.

134.    The allegations of paragraph 49 of the First Amended Complaint are not directed toward these Defendants and, therefore, no response is required.  To the extent a response is required, the allegations of paragraph 49 of the First Amended Complaint are denied.

135.    The allegations of paragraph 50 of the First Amended Complaint are not directed toward these Defendants and, therefore, no response is required.  To the extent a response is required, the allegations of paragraph 50 of the First Amended Complaint are denied.

136.    The allegations of paragraph 51 not directed toward these Defendants and, therefore, no response is required.  To the extent a response is required, the allegations of paragraph 51 of the First Amended Complaint are denied.

137.    The allegations of paragraph 52 of the First Amended Complaint are denied.

138.    The allegations of paragraph 53 of the First Amended Complaint are denied.

139.    The allegations of paragraph 54 of the First Amended Complaint are denied.

140.    The allegations of paragraph 55 of the First Amended Complaint are not directed toward these Defendants and, therefore, no response is required.   To the extent a response is required, the allegations of paragraph 55 of the First Amended Complaint are denied.

141.    The allegations of paragraph 56 of the First Amended Complaint are denied.

142.    The allegations of paragraph 57 of the First Amended Complaint are not directed toward these Defendants and, therefore, no response is required.   To the extent a response is required, the allegations of paragraph 57 of the First Amended Complaint are denied.

143.    The allegations of paragraph 58 of the First Amended Complaint are denied.

144.    The allegations of paragraph 59 of the First Amended Complaint are not directed toward these Defendants and, therefore, no response is required.   To the extent a response is required, the allegations of paragraph 59 of the First Amended Complaint are denied.

145.    The allegations of paragraph 60 of the First Amended Complaint are denied.

146.    The allegations of paragraph 61 of the First Amended Complaint are denied.

147.    The allegations of paragraph 62 of the First Amended Complaint are denied.

148.    The allegations of paragraph 63 of the First Amended Complaint are denied.

149.    The allegations of paragraph 64 of the First Amended Complaint are denied.

150.    The allegations of paragraph 65 of the First Amended Complaint are denied for lack of sufficient information to justify a belief therein.  Defendants demand strict proof of Plaintiffs' capacity to proceed and the inmate's alleged relation to the child.

151.    The allegations of paragraph 66 of the First Amended Complaint are denied for lack of sufficient information to justify a belief therein.  Defendants demand strict proof of Plaintiffs' capacity to proceed and the inmate's alleged relation to the child.

152.    The allegations of paragraph 67 of the First Amended Complaint are not directed toward these Defendants and, therefore, no response is required.  To the extent a response is required, the allegations of paragraph 67 of the First Amended Complaint are denied. Defendants demand strict proof of Plaintiffs' capacity to proceed.

153.    The allegations of paragraph 68 of the First Amended Complaint are not directed toward these Defendants and, therefore, no response is required.  To the extent a response is required, the allegations of paragraph 68 of the First Amended Complaint are denied. Defendants demand strict proof of Plaintiffs' capacity to proceed.

## IV.    FIRST CAUSE OF ACTION

154.    The allegations of paragraph 69 of the First Amended Complaint do not appear to require a response.  To the extent a response is required, the allegations of paragraph 69 of the First Amended Complaint are denied.

155.    The allegations of paragraph 70 of the First Amended Complaint are denied.

156.    The allegations of paragraph 71 of the First Amended Complaint are denied.

157.    The allegations of paragraph 72 of the First Amended Complaint are denied.

158.    The allegations of paragraph 73 of the First Amended Complaint are denied.

159.    The allegations of paragraph 74 of the First Amended Complaint are denied.

160.    The allegations of paragraph 75 of the First Amended Complaint are denied.

## V.    SECOND CAUSE OF ACTION

161.    The allegations of paragraph 76 of the First Amended Complaint do not appear to require a response.   To the extent a response is required, the allegations of paragraph 76 of the First Amended Complaint are denied.

162.    The allegations of paragraph 77 of the First Amended Complaint are denied.

163.    The allegations of paragraph 78 of the First Amended Complaint are denied.

164.    The allegations of paragraph 79 of the First Amended Complaint are denied.

165.    The allegations of paragraph 80 of the First Amended Complaint are denied.

## VI.    THIRD CAUSE OF ACTION

166.    The allegations of paragraph 81 of the First Amended Complaint do not appear to require a response.   To the extent a response is required, the allegations of paragraph 81 of the First Amended Complaint are denied.

167.    The state law claims asserted against these Defendants are governed by Louisiana Revised Statute 40:1231, *et seq.* (the "Louisiana Medical Malpractice Act") and have been dismissed without prejudice by this Court until a final disposition of a medical review panel. *See* Doc No. 44.  To the extent a further response is required, the allegations are denied.

168.    The allegations of paragraph 83 of the First Amended Complaint are denied. Further answering, the state law claims asserted against these Defendants are governed by Louisiana Revised Statute 40:1231, *et seq.* (the "Louisiana Medical Malpractice Act") and have been dismissed without prejudice by this Court until a final disposition of a medical review panel. *See* Doc No. 44.   To the extent a further response is required, the allegations are denied.

169.    The allegations of paragraph 84 of the First Amended Complaint are denied. Further answering, the state law claims asserted against these Defendants are governed by Louisiana Revised Statute 40:1231, *et seq.* (the "Louisiana Medical Malpractice Act") and have been dismissed without prejudice by this Court until a final disposition of a medical review panel. *See* Doc No. 44.  To the extent a further response is required, the allegations are denied.

170.    The allegations of paragraph 85 of the First Amended Complaint are denied. Further answering, the state law claims asserted against these Defendants are governed by Louisiana Revised Statute 40:1231, *et seq.* (the "Louisiana Medical Malpractice Act") and have been dismissed without prejudice by this Court until a final disposition of a medical review panel. *See* Doc No. 44.  To the extent a further response is required, the allegations are denied.

171.    The allegations of paragraph 86 of the First Amended Complaint are denied. Further answering, the state law claims asserted against these Defendants are governed by Louisiana Revised Statute 40:1231, *et seq.* (the "Louisiana Medical Malpractice Act") and have been dismissed without prejudice by this Court until a final disposition of a medical review panel. *See* Doc No. 44.  To the extent a further response is required, the allegations are denied.

172.    The allegations of paragraph 87 of the First Amended Complaint are denied. Further answering, the state law claims asserted against these Defendants are governed by Louisiana Revised Statute 40:1231, *et seq.* (the "Louisiana Medical Malpractice Act") and have been dismissed without prejudice by this Court until a final disposition of a medical review panel. *See* Doc No. 44.  To the extent a further response is required, the allegations are denied.

173.    The allegations of paragraph 88 of the First Amended Complaint are denied. Further answering, the state law claims asserted against these Defendants are governed by Louisiana Revised Statute 40:1231, *et seq.* (the "Louisiana Medical Malpractice Act") and have

been dismissed without prejudice by this Court until a final disposition of a medical review panel. *See* Doc No. 44. To the extent a further response is required, the allegations are denied.

## VII.   DAMAGES

174.   The allegations of paragraph 89 of the First Amended Complaint are denied.

## VIII.   PRAYER FOR RELIEF

175.   The allegations of Plaintiff's prayer for relief are denied.

## AFFIRMATIVE DEFENSES

176.   Plaintiffs have failed to state a claim upon which relief can be granted.

177.   Any damage alleged by Plaintiffs was caused or contributed to by Plaintiffs' and/or decedent's fault or want of due care and any recovery should be precluded.

178.   Any damage alleged by Plaintiffs were caused or contributed to by the fault, negligence or want of due care, breach of contract, express or implied, of other persons, businesses, entities or corporations for whom these Defendants are not legally responsible.

179.   In the alternative, if it is found that damages complained of were caused or contributed to by the fault of these Defendants, which is specifically denied, Defendants plead the comparative fault of Plaintiffs and/or decedent and/or other persons, businesses, entities, or corporations for whom these Defendants are not legally responsible, and these Defendants are entitled to have any reward or recovery due to Plaintiffs mitigated or reduced accordingly.

180.   Defendants plead all benefits and immunities afforded to them pursuant to La. R.S. 9:2798.1 for their discretionary acts made within the course and scope of their duties.

181.   Defendants plead all benefits and immunities afforded to them pursuant to La. R.S. 13:5106, expressly including, but in no way limited to the statutory limitation of damages contained therein.

182.    Defendants further plead that if Plaintiffs are entitled to any recovery, which these Defendants specifically deny, the costs and interest awarded will be fixed pursuant to La. R.S. 13:5112.

183.    Defendants further plead that no claim is available to Plaintiffs for the alleged violation of Civil Rights of Plaintiffs as all Policies, Procedures and Protocols put in place were appropriate.

184.    Defendants further plead all available defenses of sovereign, absolute, limited, and/or qualified immunity or liability limitation under Louisiana or Federal law.

185.    Plaintiffs have failed to mitigate any and all damages they claim are due and as a result any recovery shall be reduced or limited accordingly.

186.    Plaintiffs are not entitled to recover punitive damages or attorneys' fees.

187.    Defendants have no involvement, interaction, or dealings with the OPSO in connection with the original consent judgment alleged by Plaintiffs.

188.    Defendants further plead that they are entitled to all benefits of the Louisiana Medical Malpractice Act, La. R.S. 40:1231.1 et seq. by virtue of the qualified status of its employed providers.

189.    Plaintiffs lack the standing or capacity to bring the instant lawsuit.

190.    Defendants plead the state law claims asserted against these Defendants are governed by Louisiana Revised Statute 40:1231, *et seq.* (the "Louisiana Medical Malpractice Act") and have been dismissed without prejudice by this Court until a final disposition of a medical review panel.

191.    These Defendants demand a trial by jury.

WHERFORE, Defendants pray that their answer be deemed good and sufficient and that after due proceedings are had, there be judgment in their favor, dismissing all claims asserted by Plaintiffs, with prejudice, at Plaintiffs' cost and for any and all other just and equitable relief. Defendants demand a trial by jury.

Respectfully Submitted,

**FRILOT L.L.C.**

*/S/ Carl E. Hellmers, III*
CARL E. HELLMERS, III (25705)
D. BURKE STOUGH (#36688)
1100 Poydras Street, Suite 3700
New Orleans, Louisiana 70163
Phone: (504) 599-8035
Facsimile: (504) 599-8156
**Attorneys for Defendants,**
**David Oates, Pammalier Walker,**
**and Delores Thompson**

## CERTIFICATE OF SERVICE

**I HEREBY CERTIFY** that on the 3rd day of May, 2019, I have filed a copy of the foregoing pleading with the CM/ECF system, which will send notice of electronic filing to all counsel of record.

*/S/ Carl E. Hellmers, III*

20