UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

NATASHA TOLBERT ET AL.                CIVIL ACTION

VERSUS                                NO: 18-8359 C/W 18-10053

MARLIN GUSMAN ET AL.                  SECTION: "H"(1)

### ORDER AND REASONS

Before the Court is Defendants Deputy Kaja Harrell, Sgt. Melvin Sparks, Kevin Lewis and Keiara Williams's Motion for Summary Judgment (Doc. 73). For the following reasons, the Motion is GRANTED IN PART.

### BACKGROUND

Plaintiffs Natasha Tolbert, Bridget Armstrong, and India Butler bring this action on behalf of their minor children for the wrongful death of Narada Mealey, an inmate at the Orleans Justice Center ("OJC").[1] Plaintiffs allege that Mealey did not receive proper medical treatment while incarcerated, resulting in his death. Plaintiffs bring state law medical malpractice claims and federal law claims under 42 U.S.C. § 1983 against two groups of

---

[1] Case number 18-8359 brought by Tolbert and Armstrong was consolidated with case number 18-10053 brought by India Butler.

1

defendants: those in law enforcement and those involved in the medical treatment of Mealey. In this motion, the law enforcement defendants—Deputy Kaja Harrell, Sgt. Melvin Sparks, Kevin Lewis and Keiara Williams—move for summary judgment on Plaintiffs' claims against them. Plaintiffs have not opposed this Motion. The Court may not, however, simply grant the instant Motion as unopposed. The Fifth Circuit approaches the automatic grant of dispositive motions with considerable aversion.[2] Instead, the proper inquiry to an unopposed motion for summary judgment is to determine whether the facts advanced in the motion and supported by appropriate evidence make out a prima facie case that the movant is entitled to judgment.[3]

## LEGAL STANDARD

Summary judgment is appropriate "if the pleadings, depositions, answers to interrogatories, and admissions on file, together with affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law."[4] A genuine issue of fact exists only "if the evidence is such that a reasonable jury could return a verdict for the nonmoving party."[5]

In determining whether the movant is entitled to summary judgment, the Court views facts in the light most favorable to the non-movant and draws

---

[2] *See, e.g.,* Servicios Azucareros de Venezuela, C.A. v. John Deere Thibodeaux, Inc., 702 F.3d 794, 806 (5th Cir. 2012); Johnson v. Pettiford, 442 F.3d 917, 918 (5th Cir. 2006) (per curiam); John v. State of Louisiana (Bd. of Trs. for State Colls. and Univs.), 757 F.2d 698, 709 (5th Cir. 1985).
[3] *See Adams*, 465 F.3d at 164; *Eversley*, 843 F.2d at 174.
[4] Sherman v. Hallbauer, 455 F.2d 1236, 1241 (5th Cir. 1972).
[5] Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 248 (1986).

all reasonable inferences in his favor.[6] "If the moving party meets the initial burden of showing that there is no genuine issue of material fact, the burden shifts to the non-moving party to produce evidence or designate specific facts showing the existence of a genuine issue for trial."[7] Summary judgment is appropriate if the non-movant "fails to make a showing sufficient to establish the existence of an element essential to that party's case."[8] "In response to a properly supported motion for summary judgment, the non-movant must identify specific evidence in the record and articulate the manner in which that evidence supports that party's claim, and such evidence must be sufficient to sustain a finding in favor of the non-movant on all issues as to which the non-movant would bear the burden of proof at trial."[9] "We do not . . . in the absence of any proof, assume that the nonmoving party could or would prove the necessary facts."[10] Additionally, "[t]he mere argued existence of a factual dispute will not defeat an otherwise properly supported motion."[11]

## LAW AND ANALYSIS

Plaintiff has brought suit against Movants under § 1983 in their individual and official capacities. Movants argue that these claims should be dismissed because: (1) the official capacity claims against them are redundant;

---

[6] Coleman v. Houston Indep. Sch. Dist., 113 F.3d 528, 532 (5th Cir. 1997).
[7] Engstrom v. First Nat'l Bank of Eagle Lake, 47 F.3d 1459, 1462 (5th Cir. 1995).
[8] Celotex Corp. v. Catrett, 477 U.S. 317, 324 (1986).
[9] John v. Deep E. Tex. Reg. Narcotics Trafficking Task Force, 379 F.3d 293, 301 (5th Cir. 2004) (internal citations omitted).
[10] Badon v. R J R Nabisco, Inc., 224 F.3d 382, 394 (5th Cir. 2000) (quoting Little v. Liquid Air Corp., 37 F.3d 1069, 1075 (5th Cir. 1994)).
[11] Boudreaux v. Banctec, Inc., 366 F. Supp. 2d 425, 430 (E.D. La. 2005).

(2) Plaintiffs cannot show they acted with deliberate indifference to Mealey's medical needs; and (3) Movants are entitled to qualified immunity.

### A. Official Capacity Claims

First, Movants argue that the official capacity claims against them should be dismissed because they are redundant of the official capacity claim that Plaintiffs brought against Sheriff Marlin Gusman. Official capacity suits "generally represent only another way of pleading an action against an entity of which an officer is an agent."[12] Accordingly, the official capacity claims against Movants and Gusman are indeed duplicative claims against the Sheriff's Office.[13] However, since the filing of this motion, Plaintiffs voluntarily dismissed their official capacity claim against Gusman. Therefore, Movants' argument for dismissal on this ground must fail.

### B. Individual Capacity Claims

Movants next argue that Plaintiffs cannot succeed on their individual capacity § 1983 claims because Plaintiffs cannot show that Movants acted with deliberate indifference to Mealey's medical needs. "A prison official shows deliberate indifference if 'the official knows of and disregards an excessive risk to inmate health or safety; the official must both be aware of facts from which the inference could be drawn that a substantial risk of serious harm exists, and he must also draw the inference.'"[14] A plaintiff can show deliberate indifference

---

[12] Simmons v. City of Columbus, 425 F. App'x 282, 284 (5th Cir. 2011).
[13] *See* Castro Romero v. Becken, 256 F.3d 349, 355 (5th Cir. 2001) (affirming dismissal of § 1983 claims against "all of the municipal officers and two of the employees of the Corps of Engineers in their official capacities, as these allegations duplicate claims against the respective governmental entities themselves").
[14] Brewster v. Dretke, 587 F.3d 764, 770 (5th Cir. 2009) (quoting Farmer v. Brennan, 511 U.S. 825, 837 (1994)).

by showing that an official "refused to treat him, ignored his complaints, intentionally treated him incorrectly, or engaged in any similar conduct that would clearly evince a wanton disregard for any serious medical needs."[15]

Movants present evidence that Mealey received medical care while at OJC from Defendant Correct Care Solutions, LLC and its employees. Movants argue that there is no evidence that they interfered with or delayed this medical treatment. Further, "prison officials who are not medical professionals are entitled to rely on the opinions of medical professionals."[16] Because Plaintiffs have failed to respond to this Motion, they have not presented any evidence creating a material issue of fact as to their § 1983 claims against Movants in their individual capacities. Accordingly, those claims are dismissed.

## CONCLUSION

For the foregoing reasons, the Motion for Summary Judgment is GRANTED IN PART. Plaintiffs' § 1983 individual capacity claims against Deputy Kaja Harrell, Sgt. Melvin Sparks, Kevin Lewis, and Keiara Williams are DISMISSED WITH PREJUDICE.

---

[15] Alderson v. Concordia Par. Corr. Facility, 848 F.3d 415, 422 (5th Cir. 2017).
[16] Clark v. Banks, No. 1:16-CV-208-HSO-JCG, 2018 WL 1866619, at *5 (S.D. Miss. Jan. 2, 2018), report and recommendation adopted, No. 1:16CV208-HSO-JCG, 2018 WL 783075 (S.D. Miss. Feb. 8, 2018).

New Orleans, Louisiana this 16th day of April, 2020.

_____
**JANE TRICHE MILAZZO
UNITED STATES DISTRICT JUDGE**